Case 2:18-cv-02320-NGG-AKT   Document 1-2   Filed 04/19/18   Page 1 of 12 PageID #: 13

SUPREME COURT OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| KENNETH WAN, individually and on behalf of all other persons similarly situated,<br><br>                Plaintiff,<br><br>    - against -<br><br>AVIS BUDGET CAR RENTAL, LLC; BUDGET RENT A CAR SYSTEM, INC., and/or any other entities affiliated with or controlled by, AVIS BUDGET CAR RENTAL, LLC; BUDGET RENT A CAR SYSTEM, INC.,<br><br>              Defendants. | **Index No.:**<br><br>**SUMMONS** |

TO THE ABOVE NAMED DEFENDANTS:

You are hereby summoned to serve upon Plaintiffs' attorneys an answer to the Complaint in this action within 30 days after service of this summons. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: Carle Place, New York
   March 20, 2018

          **LEEDS BROWN LAW, P.C.**

          _____/s/_____
          Jeffrey K. Brown, Esq.
          Suzanne Leeds Klein, Esq.
          Michael A. Tompkins, Esq.
          One Old Country Road, Suite 347
          Carle Place, New York 11514
          (516) 873-9550

         _Attorneys for Plaintiff and the Putative Class_

TO:  AVIS BUDGET CAR RENTAL, LLC
    80 State Street
    Albany, New York 12207-2543

    BUDGET RENT A CAR SYSTEM, INC.
    80 State Street
    Albany, New York 12207-2543

SUPREME COURT OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| KENNETH WAN, individually and on behalf of all other persons similarly situated,<br><br>               Plaintiff,<br><br>    - against -<br><br>AVIS BUDGET CAR RENTAL, LLC; BUDGET RENT A CAR SYSTEM, INC., and/or any other entities affiliated with or controlled by, AVIS BUDGET CAR RENTAL, LLC; BUDGET RENT A CAR SYSTEM, INC.,<br><br>              Defendants. | **Index No.:**<br><br><br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial** |

Plaintiff KENNETH WAN ("Named Plaintiff"), by his attorneys, Leeds Brown Law, P.C, alleges on behalf of himself upon personal knowledge, and on behalf of all others similarly situated upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1.  This action is brought pursuant to the New York Labor Law (hereinafter referred to as "NYLL") §§ 651 *et seq.* and 663; 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") including Parts 142-2.2, to recover unpaid overtime compensation owed to Plaintiff and all similarly situated persons who are presently or were formerly employed by AVIS BUDGET CAR RENTAL, LLC; BUDGET RENT A CAR SYSTEM, INC., and/or any other entities affiliated with or controlled by, AVIS BUDGET CAR RENTAL, LLC; BUDGET RENT A CAR SYSTEM, INC. (collectively "Defendants") as Agency Operators at Defendants' car rental locations.

2.  Beginning in approximately March 2012 through the present, Defendants have misclassified the Named Plaintiff and other similarly situated Agency Operators as except from overtime compensation requirements.

3.  Beginning in approximately March 2012 and, upon information and belief,

continuing through the present, Defendants have failed to provide overtime compensation at the time and one-half rate for the hours worked in excess of 40 hours each week.

4.      Plaintiff has initiated this action seeking for himself, and on behalf of all similarly situated employees, and members of the putative Article 9 class, all compensation, including unpaid overtime compensation, which they were deprived of, plus interest, damages, attorneys' fees, and costs.

## THE PARTIES

5.      Plaintiff KENNETH WAN is an individual who is currently a resident of Suffolk County, New York, and was employed by Defendants as an Agency Operator at its car rental facility located at 369 Old Country Road, Carle Place, New York, from 2007 through January 2017.

6.      Upon information and belief, Defendant BUDGET RENT A CAR SYSTEM, INC. is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business at 80 State Street, Albany, New York 12207-2543, and is engaged in a car rental operation.

7.      Upon information and belief, Defendant AVIS BUDGET CAR RENTAL, LLC is a corporation organized and existing under the laws of the State of Delaware, with its principle place of business at 80 State Street, Albany, New York 12207-2543, and is engaged in a car rental operation.

8.      Defendants employed the Named Plaintiff and putative class at its New York car rental locations.

-3-

9.      Defendants maintained substantial control, oversight and direction over the

Plaintiff and putative class, and thus functioned as an employer pursuant to the NYLL.

## CLASS ALLEGATIONS

10.     This action is properly maintainable as a class action pursuant to Article 9 of the

New York Civil Practice Law and Rules.

11.     This action is brought on behalf of the Named Plaintiff and a class consisting of

similarly situated Agency Operators who worked for Defendants in New York, and were

misclassified as exempt from overtime compensation requirements.

12.     The Named Plaintiff and putative class members are all victims of the

Defendants' common policy or plan to violate the Labor Law by failing to provide all overtime

compensation at one and one half times the regular hourly rate for all hours worked over 40

hours in a given work week.

13.     The putative class action is so numerous that joinder of all members is

impracticable. The size of the putative class is believed to be in excess of 50 employees. In

addition, the names of all potential members of the putative class are not known.

14.     The questions of law and fact common to the putative class predominate over any

questions affecting only individual members.  These questions of law and fact include, but are

not limited to, (1) whether the Defendants have a policy or practice of misclassifying Agency

Operators as exempt from the overtime provisions of the NYLL; (2) whether the Defendants

failed to pay the proper overtime compensation pursuant to New York Labor Law and

implementing regulations for the Named Plaintiffs and the putative class members.

15.     The claims of the Named Plaintiffs are typical of the claims of the putative class

action members.  The Named Plaintiffs and putative class action members were all subject to

Case 2:18-cv-02320-NGG-AKT   Document 1-2   Filed 04/19/18   Page 5 of 12 PageID #: 17

Defendants' policies and willful practices of (1) refusing to pay employees overtime compensation (2) misclassifying employees as exempt from wage requirements. The Named Plaintiffs and the putative class members have thus sustained similar injuries as a result of the Defendants' actions.

16.     Named Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

17.     Named Plaintiffs have retained counsel experienced in complex wage and hour collective and class action litigation.

18.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiffs and putative class action members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

19.     A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FACTS

20.     Beginning in or about March 2012, Defendants employed Named Plaintiff KENNETH WAN, and numerous other individuals to perform work as Agency Operators at their various car rental locations throughout New York.

21.     Defendants entered into uniform Agency Operator Agreements with the Named Plaintiff and members of the putative class. Pursuant to those agreements, Defendants classified Agency Operators as independent contractors, exempt from wage requirements, rather than employees.

22.     Despite this classification, the Named Plaintiff and members of the putative class

-5-

Case 2:18-cv-02320-NGG-AKT   Document 1-2   Filed 04/19/18   Page 6 of 12 PageID #: 18

were all treated as Defendants' employees.

23.     Defendants maintained substantial control and oversight over each Agency Operator. For instance:

a.  Each car rental location belongs to the Defendants, and was rented in Defendants' name.  The Named Plaintiff and other Agency Operators did not pay rent at their respective rental locations;

b.  No initial investment was required to become an Agency Operator;

c.  Defendants provide extensive training for Agency Operators, and strictly control the manner in which each rental location is operated;

d.  Defendants have the exclusive authority to determine the hours of operation for each rental location;

e.  Defendants provide all the vehicles for rent, equipment, paperwork, car stickers, flyers, advertisements, signs, computer programs, etc. which were used at each rental location;

f.  Defendants exclusively controlled the physical setup and appearance of each rental location;

g.  Defendants provided all marketing materials and controlled the manner in which such materials would be distributed to the public;

h.  Defendants have exclusive authority to set the rental rates;

i.  The Named Plaintiff and other Agency Operators have absolutely no authority or discretion to determine or change the rates of the rental cars;

j.  The Named Plaintiff and other Agency Operators have no ability to profit through their actions.  Defendants control all rates and bookings.

k.  Defendants give written warnings to Agency Operators, just as an employee

Case 2:18-cv-02320-NGG-AKT    Document 1-2    Filed 04/19/18    Page 7 of 12 PageID #: 19

would receive.

24.     The Named Plaintiff was typically required to work seven (7) days each week, typically from 8:00 a.m. until 7:00 p.m. Monday through Friday, and 8:00 a.m. until 4:00 p.m. on the weekends, well in excess of 40 hours each week.

25.     The Named Plaintiff was only compensated through his earned commissions, and thus did not receive overtime compensation for the hours worked in excess of 40 hours each week.

26.     Defendants exercised substantial control and authority over the Named Plaintiff, such that he performed primarily menial, non-managerial work, such as filling out paperwork and distributing car keys to customers.

27.     The Named Plaintiff and other members of the putative class had no ability to exercise discretion or independent judgment regarding matters of significance in their role as an Agency Operator.

28.     Upon information and belief, members of the putative class were similarly required to work more than 40 hours each week without receiving any overtime compensation.

29.     As a consequence of Defendants' unlawful policies and practices, the Named Plaintiff and members of the putative class are owed unpaid overtime compensation for the hours worked in excess of 40 hours each week.

## FIRST CAUSE OF ACTION:
## NEW YORK OVERTIME

30.     Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

31.     The overtime wage provisions of Article 19 of the NYLL and its supporting regulations 12 NYCRR 142-2.2 apply to Defendants and protect the Plaintiff and members of the

putative class.

32.    12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate" for hours worked in excess of forty (40) in a workweek.

33.    At all relevant times, Plaintiff and members of the putative class were employed by Defendants within the meaning of the New York Labor law §§ 2 and 651, and supporting regulations.

34.    New York Labor Law Article 19 § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

35.    The Plaintiff and other members of the putative class regularly worked more than 40 hours a week while working for Defendant.

36.    Plaintiffs and, upon information and belief, other members of the putative class did not receive overtime compensation for all hours worked in excess of 40 hours in any given week.

37.    Instead, Defendants misclassified the Plaintiff and putative class as exempt from wage requirements.

38.    Consequently, by failing to pay to Plaintiff and other members of the putative class overtime compensation, Defendant violated New York Labor Law Article 19 § 663 and supporting regulations.

39.    Upon information and belief, Defendants' failure to pay overtime compensation to the Plaintiffs and members of the putative class action was willful.

40.     By the foregoing reasons, Defendant is liable to Named Plaintiff and other members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
## WAGE THEFT NOTICE

41.     Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

42.     Pursuant to Labor Law Article 6 § 195(1)(a), "every employer shall: provide his or her employees, in writing in English and in the language identified by each employee as the primary language of such employee, at the time of hiring, a notice containing the following information: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with section one hundred ninety-one of this article; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary. Each time the employer provides such notice to an employee, the employer shall obtain from the employee a signed and dated written acknowledgement, in English and in the primary language of the employee, of receipt of this notice…. For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the notice must state the regular hourly rate and overtime rate of pay."

43.     NYLL § 195(3) requires an employer such as Defendants to "furnish each

employee with a statement with every payments of wages, listing the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.  For all employees who are not exempt from overtime compensation as established in the commissioner's minimum wage orders or otherwise provided by New York state law or regulation, the statement shall include the regular hours worked, and the number of overtime hours worked…"

44.      Here, the Named Plaintiff and, upon information and belief, members of the putative class did not receive a notice in writing within ten business days of their first day of employment – or at any time thereafter – listing all required information, including the rates at which they were to be compensated and their regular pay day as designated by Defendants.

45.      Labor Law Article 6 § 198(1-b) provides that "[i]f any employee is not provided within ten business days of his or her first day of employment a notice as required by subdivision one of section one hundred ninety-five of this article, he or she may recover in a civil action damages of fifty dollars for each work day that the violations occurred or continue to occur, but not to exceed a total of five thousand dollars, together with costs and reasonable attorney's fees. The court may also award other relief, including injunctive and declaratory relief, that the court in its discretion deems necessary or appropriate."

46.      By the foregoing reasons, Defendants have violated Labor Law Article 6 § 195(1)(a), and are liable to Named Plaintiffs and members of the putative class in an amount to be determined at trial, plus interest, attorneys' fees and costs.

**THIRD CAUSE OF ACTION AGAINST DEFENDANTS:**
**FAILURE TO PAY WAGES**

47.    Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

48.    Pursuant to NYLL Article 6, workers such as the Named Plaintiff are protected from wage underpayments and improper employment practices.

49.    Pursuant to NYLL § 191 and the cases interpreting same, workers such as the Named Plaintiff are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

50.    During Named Plaintiffs' employment with Defendants, Defendants regularly failed to pay Named Plaintiffs all earned wages.

51.    In failing to pay the Named Plaintiffs, and upon information and belief, putative class members, for all earned wages, Defendant violated NYLL § 191.

52.    Pursuant to NYLL § 193, "No employer shall make any deduction from the wages of an employee," such as the Named Plaintiffs, that is not otherwise authorized by law or by the employee.

53.    By withholding wages from the Named Plaintiff pursuant to NYLL § 193 and the cases interpreting same, Defendants made unlawful deductions.

54.    By the foregoing reasons, pursuant to NYLL § 198, Defendants are liable to Named Plaintiffs and putative class members in an amount to be determined at trial, plus interest, damages, and attorneys' fees and costs.

**WHEREFORE**, Plaintiff KENNETH WAN, individually and on behalf of all other persons similarly situated who were employed by BUDGET RENT A CAR SYTEM, INC. and/or AVIS BUDGET CAR RENTAL, LLC , demand judgment:

Case 2:18-cv-02320-NGG-AKT   Document 1-2   Filed 04/19/18   Page 12 of 12 PageID #: 24

(1) on their first cause of action, against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs,

(2) on their second cause of action, against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs,

(3) on third cause of action, against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs,

(4) together with such other and further relief the Court may deem appropriate.

Dated:  Carle Place, New York
        March 20, 2018

/s/ Suzanne Leeds Klein, Esq.
Jeffrey K. Brown, Esq.
Michael A. Tompkins, Esq.
**LEEDS BROWN LAW, P.C.**
One Old Country Road, Suite 347
Carle Place, NY 11514
Tel:  (516) 873-9550

*Attorney for Plaintiffs and the Putative class*