D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KENNETH WAN, individually and on behalf of all
other persons similarly situated,

                Plaintiff,

-against-

AVIS BUDGET CAR RENTAL, LLC, BUDGET
RENT A CAR SYSTEM, INC, and/or other
entities affiliated with or controlled by, AVIS
BUDGET CAR RENTAL, LLC, and BUDGET
RENT A CAR SYSTEM, INC.,

                Defendants.
-----------------------------------------------------------------X

**MEMORANDUM & ORDER**

**18-CV-2320 (NGG) (AKT)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff brings this action pursuant to the New York Labor Law § 190 et seq., § 651 et seq., and implementing regulations ("NYLL") to recover unpaid wages, such as overtime, and penalties for failure to provide legally-required notices. (Compl. (Dkt. 1-2) ¶ 1.) Presently before the court is Plaintiff's motion to amend his complaint to allege collective claims under the Fair Labor Standards Act (the "FLSA") and to toll the statute of limitations for proposed collective action members while the parties conduct discovery and, potentially, engage in motion practice. (Mot. to Amend Compl. & Toll Statute of Limitations ("Mot.") (Dkt. 19).)

For the following reasons, Plaintiff's motion to amend the complaint is GRANTED as to his request to add FLSA claims on behalf of himself and similarly situated plaintiffs who performed work in New York. His motion to toll the statute of limitation for proposed collective action members is DENIED without prejudice.

I.     **BACKGROUND**

On March 20, 2018, Plaintiff brought this action in state court pursuant to the New York Labor Law § 190 et seq., § 651 et seq., and implementing regulations ("NYLL") to recover

1

unpaid wages, such as overtime, and penalties for failure to provide legally-required notices. (Compl. ¶ 1.) The complaint alleges that Plaintiff was employed by Defendants as an Agency Operator at their car rental facility located at 369 Old Country Road, Carle Place, New York (the "Rental Facility") from 2007 through January 2017. (Id. ¶ 5.) Plaintiff claims that he, along with other Agency Operators, was not paid overtime compensation at time and one half because he was misclassified as exempt from overtime as an independent contractor. (Id. ¶¶ 2-3.)

On April 19, 2018, Defendants filed a Notice of Removal pursuant to 28 U.S.C. § 1332(a), removing this action from the Supreme Court of New York, County of Nassau, to the United States District Court for the Eastern District of New York. (Notice of Removal (Dkt. 1).) Defendants assert that there is complete diversity of citizenship between the parties and Plaintiff's claims for monetary relief satisfy the minimum jurisdictional amount in controversy. (Id.) Plaintiff did not contest removal (Pl. Mem. in Supp. of Mot. ("Mem.") (Dkt. 19) at 3), and the case was assigned to Judge Arthur D. Spatt (see Order of Recusal (Dkt. 31)). Defendants answered the complaint on April 26, 2018 (Answer (Dkt. 7)), and discovery proceeded before Magistrate Judge A. Kathleen Tomlinson (see Initial Conf. Scheduling Order (Dkt. 10)).

On November 11, 2018, Plaintiff filed the present motion to amend his complaint and to toll the FLSA statute of limitations. (Mot.) Defendants responded on December 6, 2018 (Mem. in Opp'n to Mot. ("Opp'n") (Dkt. 23)), and Plaintiff replied on December 17, 2018 (Pl. Reply in Supp. of Mot. ("Reply") (Dkt. 25)). Defendants also requested oral argument on the motion on December 6, 2018. (Defs. Dec. 6, 2018 Letter (Dkt. 24).) The case was reassigned to the undersigned on June 3, 2019. (Order of Recusal.)

## II. MOTION TO AMEND

In his motion to amend the complaint, Plaintiff seeks permission to assert a collective action under FLSA § 216(b). (Mem. at 3; see Proposed Am. Compl. (Dkt. 19-3) ¶¶ 1, 5, 16, 37-48.) Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Nevertheless, a motion to amend should be denied if there is an "apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962). The decision to grant or deny leave to amend is within the court's discretion. H.L. Hayden Co. v. Siemens Med. Sys., Inc., 112 F.R.D. 417, 419 (S.D.N.Y. 1986) (citations omitted).

Defendants do not oppose the portion of Plaintiff's motion that seeks to assert claims under the FLSA on his own behalf and on behalf of individuals who operated Avis or Budget branded rental car locations in New York pursuant to agency operator agreements. (Opp'n at 1.) However, Defendants do oppose the portion of Plaintiff's motion that seeks to allege claims under the FLSA on behalf of individuals who operated Avis or Budget branded rental car locations outside of New York. (Id.) In his reply, Plaintiff states that he "withdraw[s] so much of [his] motion to amend as seeks to assert FLSA claims on behalf of individuals who performed work outside the State of New York." (Reply at 1-2.) There is therefore no dispute about amendment; all parties agree that Plaintiff may amend the complaint to add FLSA claims on behalf of himself and on behalf of individuals who operated Avis or Budget branded rental car locations in New York pursuant to agency operator agreements.

Moreover, the court is not aware of any "apparent or declared reason" that amendment should not be allowed. See Foman, 371 U.S. at 182. This is Plaintiff's first motion to amend the complaint, and Defendants will not suffer any undue prejudice as a result of Plaintiff's proposed amendment. Plaintiff may therefore amend his complaint to assert FLSA claims on behalf of himself and on behalf of individuals who operated Avis or Budget branded rental car locations in New York pursuant to agency operator agreements.

## III.  MOTION TO TOLL STATUTE OF LIMITATIONS

Plaintiff also seeks to toll the statute of limitations application to the putative collective members' FLSA claims from September 24, 2018 until the date upon which summary judgment is decided. (Mem. at 3.) Plaintiff argues that such tolling is reasonable because it would "allow the parties to efficiently conduct discovery of Plaintiff [ ], without the need to move for collective certification and distribute notice to hundreds of potential collective members. (Id.) "Without such tolling," Plaintiff argues, "litigation costs, attorney time, and the need for judicial involvement will likely increase substantially." (Id.) Defendants respond that there is no basis for equitable tolling, and that concerns about cost and time saving for attorneys and the court are not sufficient to warrant tolling of the statute of limitations for the FLSA claims. (Opp'n at 13-14.) In the alternative, Defendants argue that "the motion for equitable tolling should be denied because it is premature." (Id. at 15.)

"Normally in a FLSA collective action, the statute of limitations for each Plaintiff runs when he or she files a written consent with the court electing to join a lawsuit." McGlone v. Contract Callers, Inc., 867 F. Supp. 2d 438, 445 (S.D.N.Y. 2012) (citing 29 U.S.C. § 256(b)). "However, courts have discretion to equitably toll the limitations period in appropriate cases in order 'to avoid inequitable circumstances.'" Id. (quoting Yahraes v. Rest. Assocs. Event Corp.,

No. 10-CV-935 (SLT), 2011 WL 844963, at *1 (E.D.N.Y. Mar. 8, 2011)). "[E]quitable tolling is only appropriate in rare and exceptional circumstances." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003) (citation and quotation marks omitted) (alterations adopted).

The court agrees with Defendants that Plaintiff's motion is premature. Although "some courts have held that the period of pendency of a motion for collective action certification can serve as an extraordinary circumstance justifying application of the equitable tolling doctrine," Becerra v. IM LLC-I, No. 14-CV-2671 (ADS), 2016 WL 8968978, at *8 (E.D.N.Y. Feb. 20, 2016) (quoting Mendoza v. Ashiya Sushi 5, Inc., No. 12-CV-8629 (KPF) (alterations adopted and quotation marks omitted)), Plaintiff has not cited any cases in which the court has found equitable tolling to be appropriate before the filing of such a motion. In fact, courts regularly deny motions for tolling as premature in such situations. See, e.g., Becerra, 2016 WL 8968978, at *8 (denying as premature the plaintiff's motion to toll the FLSA statute of limitations when the court had denied the plaintiff's conditional certification motion with leave to renew "[b]ecause the status of any collective action [wa]s not clear"); Mendoza, 2013 WL 5211839, at *10 (denying as premature the plaintiff's motion to toll the FLSA statute of limitations because "it [wa]s not yet clear whether or not any potential plaintiffs will be barred from this action due to a delay in notice" (quoting Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011)). Because the court does not, at this stage, have sufficient information about the putative collective members or the extent to which their claims may be time barred, Plaintiff's request for equitable tolling is denied without prejudice.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's (Dkt. 19) motion to amend the complaint is GRANTED as to its request to add FLSA claims on behalf of himself and similarly situated plaintiffs who performed work in New York. His (Dkt. 19) motion to toll the statute of limitation for proposed collective action members is DENIED without prejudice. Plaintiff is DIRECTED to file an amended complaint consistent with this memorandum and order by no later than August 16, 2019.

Additionally, Defendants' (Dkt. 24) request for oral argument is DENIED as moot.

SO ORDERED.

Dated: Brooklyn, New York
August 5, 2019

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge